### ROY HOLLAND V. STATE.

No. 25638. January 23, 1952.
Rehearing Denied March 12, 1952.

Hon. F. A. Loudermilk, Judge Presiding.

A. R. Archer, Jr. and George W. Overshiner, (Of counsel: Archer, Bryant & Overshiner), Abilene, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully transporting beer, with punishment assessed at a fine of $500 and six months in jail.

Appellant was apprehended transporting in a truck a large quantity of beer—that is, twenty-seven cases—which he testified he had purchased in an area where the sale thereof was legal and was transporting it to his home for his own personal use and not for the purpose of sale (Art. 666-23a, Vernon's P. C.).

This affirmative defense was submitted to the jury by an instruction that if appellant possessed the beer for his own use or consumption he would not be guilty. In connection with such

charge, the trial court coupled therewith an instruction to the effect that the possession of more than twenty-four twelve-ounce containers of beer in a dry area is prima facie evidence that the beer is possessed for the purpose of sale (Art. 667-25, Vernon's P. C.).

Appellant complains because the trial court refused to approve bills of exception showing his objection to the above charge and also refused certain of his special requested charges, complaining that he had no notice of the refusal thereof so that he might prepare bystanders' bills of exception.

We have examined the requested charges which the appellant insists that he requested, and find that they embody the same general principle involved in the charge of the trial court to which appellant claims he excepted and objected. In other words, by one bill of exception appellant claims he excepted to the charge, and at the same time contends that he requested the charge to which he was objecting. Obviously, therefore, if the charge as given was error, the appellant invited the error by requesting a charge to the same effect.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

In his motion for rehearing appellant contends that he was tried for the transportation of beer within a dry area as well as for the possession of such beer for the purpose of sale therein, and that the court charged on both such possession for the purpose of sale and the unlawful transportation thereof.

We find from a perusal of the statement of facts that the appellant's defense herein was that he possessed the thirty cases of beer for his own use; and we also find that the Defendant's Special Requested Charge No. 2 reads as follows:

"Gentlemen of the jury, you are instructed that it is lawful for a man to transport an alcoholic beverage, to wit: beer, from a place where the sale of such beer is legal to a dry territory, provided the person is transporting the beer for his own use. In this connection, you are further instructed that the trans-

portation of more than 24 12-oz. Bottles or cans of beer is prima facie evidence that said beer is not being transported for a person's own use. Such transportation, however, is only prima facie evidence that it was not being transported for the person's own use. This evidence can be rebutted by evidence showing that such transportation of said beer was for the person's own use."

Doubtless, in response to said requested instruction the court embodied in his charge practically the same language as that which was requested in the above-quoted Special Requested Charge No. 2.

It is also to be noted that the court further charged the jury that if they believed, or had a reasonable doubt thereof, that appellant possessed this alcoholic beverage for his own use and consumption, then they should find him not guilty.

It seems to us that we were correct in our original opinion when we held that the requested charge embodied the same general principle which appellant claims he now excepted and objected to. Under the circumstances in which this case finally finds itself, we think the court was correct in the charge given, which is practically the same as that requested by the appellant.

The motion for rehearing will therefore be overruled.